# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DETROIT OSTEOPATHIC HOSPITAL CORPORATION,

     Plaintiff,

                                      Case No.

v.

UNITED STATES OF AMERICA,            Honorable

     Defendant.

_____/

*ATTORNEYS FOR PLAINTIFF*

MCDERMOTT WILL & EMERY LLP
Thomas D. Sykes
227 West Monroe Street
Chicago, IL 60606
Telephone: (312) 984-7530
tsykes@mwe.com

MCDERMOTT WILL & EMERY LLP
Mark H. Churchill
600 13th Street N.W.
Washington, D.C. 20005
Telephone: (202) 756-8058
mchurchill@mwe.com

KELLER THOMA, P.C.
Terrence J. Miglio (P30541)
440 East Congress, Fifth Floor
Detroit, MI 48226-2918
Telephone: 313-965-7610
tjm@kellerthoma.com

Joy Berent (P45022) *(admission pending)*
HENRY FORD HEALTH SYSTEM
Senior Corporate Counsel
1 Ford Place #4B
Detroit, MI 48202
Telephone: 313-874-5600
jberent@hfhs.org

_____/

**COMPLAINT**

Plaintiff, Detroit Osteopathic Hospital Corporation (hereinafter "Plaintiff"), by its undersigned attorneys, complains of the United States of America (hereinafter "Defendant") and alleges:

1.      This is a timely action arising under the Internal Revenue laws of the United States for the recovery of Federal Insurance Contributions Act taxes (under § 3101 et seq. of the Internal Revenue Code of 1986 (26 U.S.C.) as amended) that were erroneously collected from, and overpaid by, Plaintiff for each of the thirty-two calendar quarters in the years 1997 through 2004.

2.      Jurisdiction over this suit for a tax refund is conferred upon this Court by 28 U.S.C. § 1346 and by § 7422 of the Internal Revenue Code of 1986 (26 U.S.C.) as amended (hereinafter "I.R.C.").

3.      Plaintiff is a Michigan not-for-profit corporation with its principal place of business at Warren, Michigan which is located within this judicial district, placing venue in this Court pursuant to 28 U.S.C. § 1402.

4.      Plaintiff's employer identification number ends in the digits 8330.

5.      Defendant is the United States of America.

6.      Plaintiff timely filed with the Internal Revenue Service (hereinafter "IRS") its original Forms 941, Employer's Quarterly Federal Tax Return, for all quarters of years 1997 through 2004. On these original returns it erroneously reported that certain amounts it paid to its medical residents (hereinafter "Residents") enrolled in graduate medical education programs

- 2 -

were "wages" subject to FICA taxes under I.R.C. § 3111(a) and (b) and § 3101(a) and (b). Plaintiff timely paid to the IRS the FICA taxes so reported and shown as due on such returns.

7.      On or about May 6, 2004 Plaintiff timely filed protective refund claims on IRS Forms 843, Claim for Refund and Request for Abatement, and a "Memorandum in Support of Protective Refund Claims" for all four quarters of each of the years 1997 through 2003. These formal claims sought to recover FICA taxes erroneously shown as due on and paid with its Forms 941 with respect to certain amounts paid to the Residents. A copy of these protective claims is attached hereto as Exhibit A.

8.      On or about April 6, 2005, Plaintiff timely supplemented the formal protective claims for refund filed on May 6, 2004, with IRS Forms 843, Claim for Refund and Abatement, and a "Memorandum in Support of Protective Refund Claims." These supplemental formal claims, filed with the IRS, addressed all four quarters of the years 1997 through 2003 and sought to recover FICA taxes erroneously shown as due on and paid with its quarterly Forms 941 for the years 1997 through 2003. A copy of these claims is attached hereto as Exhibit B.

9.      On April 19, 2007, Plaintiff timely filed protective refund claims on IRS Forms 843, Claim for Refund and Abatement, and a "Memorandum in Support of Protective Refund Claims" for all four quarters of 2004. These formal claims sought to recover FICA taxes erroneously shown as due on and paid with its Forms 941 with respect to certain amounts paid to the Residents. A copy of these claims is attached hereto as Exhibit C.

10.     On December 17, 2007, Plaintiff filed supplemental refund claims on IRS Forms 843, Claim for Refund and Abatement, and a "Memorandum in support of Refund Claims" for all four quarters of 2004. These formal claims sought to recover FICA taxes erroneously shown

as due on and paid with its Forms 941 with respect to certain amounts paid to Residents. A copy of these claims is attached hereto as Exhibit D.

11.    Upon information and belief, the IRS investigated the claims described in paragraphs 7 through 10, above, but has never notified Plaintiff that it has allowed or disallowed all or part of these claims.

12.    The payments to Residents addressed by the claims described in paragraphs 7 through 10, above, and that are at issue in this action, are not "remuneration for employment" (and thus are not "wages" subject to FICA tax) because the services to which those payments related come within the "Student Exception" from FICA tax provided by I.R.C. § 3121(b)(10). *See, e.g., United States v. Memorial Sloan-Kettering Cancer Center,* 563 F.3d 19 (2d Cir. 2009); and *United States v. Mount Sinai Medical Center of Florida, Inc.,* 2008 U.S. Dist. LEXIS 57808 (S.D. Fla. 2008).   The overpayments of FICA tax made to the IRS with respect to those payments to Residents caused Plaintiff and the Residents to overpay FICA tax for the thirty-two quarters of 1997 through 2004 in the amounts set out in paragraphs 13 through 20, below.

13.    For 1997, Plaintiff overpaid FICA tax in the following estimated[1] amounts with respect to payments to Residents that were addressed by the claims for refund described in paragraphs 7 and 8, above:

| **1997 Amounts** | **First Quarter of 1997** | **Second Quarter of 1997** | **Third Quarter of 1997** | **Fourth Quarter of 1997** |
|---|---|---|---|---|
| **Plaintiff's Portion of FICA (*see* I.R.C. § 3111(a) and (b))** | $22,991.50 | $22,991.50 | $22,991.50 | $22,991.50 |
| **Residents' Portion of FICA (*see* I.R.C. § 3111(a) and (b))** | $22,991.50 | $22,991.50 | $22,991.50 | $22,991.50 |
| **Sum** | $45,983.00 | $45,983.00 | $45,983.00 | $45,983.00 |

14.    For 1998, Plaintiff overpaid FICA tax in the following estimated[2] amounts with respect to payments to Residents that were addressed by the claims for refund described in paragraphs 7 and 8, above:

| **1998 Amounts** | **First Quarter of 1998** | **Second Quarter of 1998** | **Third Quarter of 1998** | **Fourth Quarter of 1998** |
|---|---|---|---|---|
| **Plaintiff's Portion of FICA (*see* I.R.C. § 3111(a) and (b))** | $21,870.50 | $21,870.50 | $21,870.50 | $21,870.50 |
| **Residents' Portion of FICA (*see* I.R.C. § 3111(a) and (b))** | $21,870.50 | $21,870.50 | $21,870.50 | $21,870.50 |
| **Sum** | $43,741.00 | $43,741.00 | $43,741.00 | $43,741.00 |

---

[1] The amounts stated for each quarter are one-quarter of the total annual amount of FICA tax paid with respect to the Residents' stipends.  Plaintiff is endeavoring to tabulate the precise quarter-by-quarter amounts of FICA tax paid with respect to these stipends.

[2] See note 1.

15.     For 1999, Plaintiff overpaid FICA tax in the following estimated[3] amounts with respect to payments to Residents that were addressed by the claims for refund described in paragraphs 7 and 8, above:

| 1999 Amounts | First Quarter of 1999 | Second Quarter of 1999 | Third Quarter of 1999 | Fourth Quarter of 1999 |
|---|---|---|---|---|
| Plaintiff's Portion of FICA (*see* I.R.C. § 3111(a) and (b)) | $75,048.00 | $75,048.00 | $75,048.00 | $75,048.00 |
| Residents' Portion of FICA (*see* I.R.C. § 3111(a) and (b)) | $75,048.00 | $75,048.00 | $75,048.00 | $75,048.00 |
| Sum | $150,096.00 | $150,096.00 | $150,096.00 | $150,096.00 |

16.     For 2000, Plaintiff overpaid FICA tax in the following estimated[4] amounts with respect to payments to Residents that were addressed by the claims for refund described in paragraphs 7 and 8, above:

| 2000 Amounts | First Quarter of 2000 | Second Quarter of 2000 | Third Quarter of 2000 | Fourth Quarter of 2000 |
|---|---|---|---|---|
| Plaintiff's Portion of FICA (*see* I.R.C. § 3111(a) and (b)) | $68,134.50 | $68,134.50 | $68,134.50 | $68,134.50 |
| Residents' Portion of FICA (*see* I.R.C. § 3111(a) and (b)) | $68,134.50 | $68,134.50 | $68,134.50 | $68,134.50 |
| Sum | $136,269.00 | $136,269.00 | $136,269.00 | $136,269.00 |

---

[3] See note 1.
[4] See note 1.

17.    For 2001, Plaintiff overpaid FICA tax in the following estimated[5] amounts with respect to payments to Residents that were addressed by the claims for refund described in paragraphs 7 and 8, above:

| 2001 Amounts | First Quarter of 2001 | Second Quarter of 2001 | Third Quarter of 2001 | Fourth Quarter of 2001 |
|---|---|---|---|---|
| Plaintiff's Portion of FICA (see I.R.C. § 3111(a) and (b)) | $65,544.50 | $65,544.50 | $65,544.50 | $65,544.50 |
| Residents' Portion of FICA (see I.R.C. § 3111(a) and (b)) | $65,544.50 | $65,544.50 | $65,544.50 | $65,544.50 |
| Sum | $131,089.00 | $131,089.00 | $131,089.00 | $131,089.00 |

18.    For 2002, Plaintiff overpaid FICA tax in the following estimated[6] amounts with respect to payments to Residents that were addressed by the claims for refund described in paragraphs 7 and 8, above:

| 2002 Amounts | First Quarter of 2002 | Second Quarter of 2002 | Third Quarter of 2002 | Fourth Quarter of 2002 |
|---|---|---|---|---|
| Plaintiff's Portion of FICA (see I.R.C. § 3111(a) and (b)) | $65,203.00 | $65,203.00 | $65,203.00 | $65,203.00 |
| Residents' Portion of FICA (see I.R.C. § 3111(a) and (b)) | $65,203.00 | $65,203.00 | $65,203.00 | $65,203.00 |
| Sum | $130,406.00 | $130,406.00 | $130,406.00 | $130,406.00 |

---

[5] See note 1.
[6] See note 1.

19.     For 2003, Plaintiff overpaid FICA tax in the following estimated[7] amounts with respect to payments to Residents that were addressed by the claims for refund described in paragraphs 7 and 8, above:

| 2003 Amounts | First Quarter of 2003 | Second Quarter of 2003 | Third Quarter of 2003 | Fourth Quarter of 2003 |
|---|---|---|---|---|
| Plaintiff's Portion of FICA (*see* I.R.C. § 3111(a) and (b)) | $57,760.00 | $57,760.00 | $57,760.00 | $57,760.00 |
| Residents' Portion of FICA (*see* I.R.C. § 3111(a) and (b)) | $57,760.00 | $57,760.00 | $57,760.00 | $57,760.00 |
| Sum | $115,520.00 | $115,520.00 | $115,520.00 | $115,520.00 |

20.     For 2004, Plaintiff overpaid FICA tax in the following estimated[8] amounts with respect to payments to Residents that were addressed by the claims for refund described in paragraphs 9 and 10, above:

| 2004 Amounts | First Quarter of 2004 | Second Quarter of 2004 | Third Quarter of 2004 | Fourth Quarter of 2004 |
|---|---|---|---|---|
| Plaintiff's Portion of FICA (*see* I.R.C. § 3111(a) and (b)) | $62,053.50 | $62,053.50 | $62,053.50 | $62,053.50 |
| Residents' Portion of FICA (*see* I.R.C. § 3111(a) and (b)) | $62,053.50 | $62,053.50 | $62,053.50 | $62,053.50 |
| Sum | $124,107.00 | $124,107.00 | $124,107.00 | $124,107.00 |

21.     Plaintiff is permitted to recover the Residents' portion of the overpaid FICA tax at issue (*see* I.R.C. § 3101(a) and (b)) on behalf of those Residents who consent to that recovery.

---

[7] See note 1.
[8] See note 1.

22.     The IRS has not refunded or credited any part of Plaintiff's portion of the overpaid FICA tax sought by Plaintiff's claims for refund and by this action. Upon information and belief, the IRS has not refunded or credited any part of the Residents' portion of the overpaid FICA tax sought by Plaintiff's claims for refund and by this action.

23.     Plaintiff is the sole and absolute owner of the claims respecting Plaintiff's portion of the overpaid FICA tax at issue, and has made no transfer or assignment of those claims. Plaintiff does not own, but is permitted by law to recover, the Residents' portion of the overpaid FICA tax at issue on behalf of those Residents who consent to the recovery.

WHEREFORE, Plaintiff demands judgment in its favor and against the United States:

a.      In the following sums of:

| Quarter (32 total) | Refund |
|---|---|
| 1997 First Quarter | $45,983 |
| 1997, Second Quarter | $45,983 |
| 1997, Third Quarter | $45,983 |
| 1997, Fourth Quarter | $45,983 |
| 1998 First Quarter | $43,741 |
| 1998, Second Quarter | $43,741 |
| 1998, Third Quarter | $43,741 |
| 1998, Fourth Quarter | $43,741 |
| 1999 First Quarter | $150,096 |
| 1999, Second Quarter | $150,096 |
| 1999, Third Quarter | $150,096 |
| 1999, Fourth Quarter | $150,096 |
| 2000, First Quarter | $136,269 |
| 2000, Second Quarter | $136,269 |
| 2000, Third Quarter | $136,269 |
| 2000, Fourth Quarter | $136,269 |
| 2001, First Quarter | $131,089 |
| 2001, Second Quarter | $131,089 |
| 2001, Third Quarter | $131,089 |
| 2001, Fourth Quarter | $131,089 |
| 2002, First Quarter | $130,406 |
| 2002, Second Quarter | $130,406 |
| 2002, Third Quarter | $130,406 |
| 2002, Fourth Quarter | $130,406 |
| 2003, First Quarter | $115,520 |
| 2003, Second Quarter | $115,520 |
| 2003, Third Quarter | $115,520 |
| 2003, Fourth Quarter | $115,520 |
| 2004, First Quarter | $124,107 |
| 2004, Second Quarter | $124,107 |
| 2004, Third Quarter | $124,107 |
| 2004, Fourth Quarter | $124,107 |
| **Total** | **$3,508,844** |

or such greater amounts as may be legally refundable, plus interest as provided by law; and

b.    For Plaintiff's costs, attorneys' fees, and such other and further relief as this Court deems appropriate.

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: _/s Thomas D. Sykes_____
     Thomas D. Sykes
McDermott Will & Emery LLP
Attorneys for Plaintiff
227 West Monroe Street
Chicago, IL  60606
Telephone:  (312) 984-7530
tsykes@mwe.com

Dated:  November 30, 2009